DLD-319                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1745
_____

RANDY KNOX,

Appellant

v.

SECRETARY DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT ALBION SCI;
MARK BAKER, Medical Director;
MAXINE OVERTON, Health Care Administrator

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-15-cv-00078)
District Judge:  Honorable Barbara Jacobs Rothstein

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2016

Before: CHAGARES, GREENAWAY, JR. and GARTH[1], Circuit Judges

---

[1] The Honorable Leonard I. Garth participated in the decision in this case, but died before the opinion could be filed.  This opinion is filed by a quorum of the court.  28 U.S.C. § 46 and Third Circuit IOP 12.1(b).

_____

OPINION[*]

_____

PER CURIAM

Appellant, Randy Knox, is a Pennsylvania prisoner proceeding pro se. In March 2015, Knox commenced this action pursuant to 42 U.S.C. § 1983 claiming that he had been denied adequate medical care in violation of his Eighth Amendment rights. Specifically, Knox claimed that the doctor who was treating him at the State Correctional Institution at Albion (SCI-Albion), Dr. Mark Baker, had repeatedly refused to order surgery for his stomach hernia despite his complaints of severe pain. In support of his complaint, Knox attached several inmate request forms indicating that he had contacted Dr. Baker several times to request surgery, and had also complained to the prison Health

The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (1) Secretary Wetzel and Superintendent Harlow were not personally involved in Knox's treatment and could not be liable for it based solely on a theory of respondeat superior, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); and (2) Administrator Overton, a non-medical prison official, could not be Care Administrator, Maxine Overton, and the prison Superintendent, Michael Harlow.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Knox named as defendants Administrator Overton and Superintendent Harlow as well as John Wetzel, the Secretary of the Pennsylvania Department of Corrections.[2] considered deliberately indifferent to Knox's medical needs when he was already being treated by Dr. Baker, see Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). The matter was referred to a Magistrate Judge who agreed with the defendants and recommended dismissal. In his objections, Knox conceded that he could not state a claim against Secretary Wetzel because he had not been personally involved in his medical care, but argued that Superintendent Harlow and Administrator Overton became involved through their correspondence with him. By order entered March 15, 2016, the District Court overruled Knox's objections, adopted the Magistrate Judge's Report and Recommendation, and granted the defendants' motion to dismiss. Knox now appeals from the District Court's order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing the complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by including facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). We may summarily affirm if the appeal does not present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[2] Knox also named Dr. Baker as a defendant, and purported to serve him, but the District Court later struck Knox's Return of Service on the ground that Dr. Baker was never served.

3

To state an Eighth Amendment claim based on inadequate medical treatment, Knox must allege that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104–105 (1976). He can plead "deliberate indifference" by alleging that the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that they] also [drew] the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because this is an action under § 1983, Knox cannot rely solely on respondeat superior as a theory of liability; rather, he must show that the defendants were personally involved in his medical treatment by alleging personal direction, actual knowledge, or acquiescence. See Rode, 845 F.2d at 1207.

Upon review of Knox's complaint, we see no facts alleging that any of the defendants were personally involved in his medical treatment. First, as Knox himself conceded in his objections to the Report and Recommendation, he does not allege that Secretary Wetzel was in any way involved in his medical treatment. Second, although Knox maintains that his correspondence with Superintendent Harlow and Administrator Overton is sufficient to establish their personal involvement, prison administrators who are not themselves physicians cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer, 991 F.2d at 69; see also Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the

4

prisoner is in capable hands."). For these reasons, the District Court correctly concluded that Knox failed to state a claim against the defendants.[3]

We will summarily affirm the District Court's order. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Although the District Court did not give Knox an opportunity to formally amend his complaint before dismissing it, <u>see</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002), Knox had a chance to better support his claims when he submitted objections to the Report and Recommendation, but did not to do so. Therefore, we conclude that any error arising from the District Court's failure to provide Knox an opportunity to amend was harmless.